**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dr. Penny M. Wilkie, | ) | |
| | ) | **ORDER DISMISSING PLAINTIFF'S** |
| Plaintiff, | ) | **NON-TITLE VII CLAIMS** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:07-cv-027 |
| Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

On April 2, 2007, the plaintiff, Dr. Penny M. Wilkie, brought an action against the defendant, Department of Health and Human Services (Department), in federal district court. See Docket No. 1. The Department filed a "Motion to Dismiss/Motion for Summary Judgment" on October 15, 2007. See Docket No. 17. On March 24, 2008, the Court issued an "Order Granting in Part and Denying in Part Defendant's Motion to Dismiss." See Docket No. 27. The Court granted the Department's motion to dismiss Wilkie's Title VII claim because the Court lacked subject matter jurisdiction due to Wilkie's failure to exhaust administrative remedies. The Court denied the Department's motion to dismiss as it related to Wilkie's tort and constitutional claims and held such claims in abeyance pending a final decision from the Merit Systems Protection Board (MSPB).

On May 28 and 29, 2008, a hearing was held before an administrative law judge for the MSPB. See Docket No. 47. An "Initial Decision" was issued on July 24, 2008 and a "Final Order" was issued on October 22, 2008. See Docket Nos. 43-7 and 43-6.

On November 21, 2008, Wilkie filed a complaint in a new federal district court action (Case No. 4:08-cv-100, Docket No. 1), claiming she had exhausted her administrative remedies and reasserting the causes of action set forth in her original complaint. On December 11, 2008, the Court issued an order of consolidation. See Docket No. 29. The complaint contains six causes of

action against the Department: (1) violation of the rights guaranteed to Wilkie by Title VII of the Civil Rights Act of 1964; (2) intentional infliction of emotional harm; (3) negligent infliction of emotional harm; (4) denial of Wilkie's First and Fourteenth Amendment rights; (5) defamation of Wilkie's character, and libel and slander to her personal and professional reputation; and (6) violation of Wilkie's rights as a whistleblower.  See Docket No. 1.

The Department filed a  "Motion for Summary Judgment/Motion to Dismiss," on January 29, 2010.  See Docket No. 42.  The Plaintiff filed a response in opposition to the motion on March 1, 2010.  See Docket No. 44.  The Department contends, in part, that the Court does not possess subject matter jurisdiction over Wilkie's second, third, and fifth causes of action; that Wilkie's second, third, fourth, and fifth causes of action are preempted by Title VII and the comprehensive procedural and substantive provisions available to her through her employer; and that Wilkie has not alleged facts sufficient to establish a cause of action under the whistleblower provisions of the false claim act.

Wilkie failed to dispute or address any of the Department's legal arguments regarding a dismissal of Wilkie's non-Title VII claims in her response to the Department's pending motion. Pursuant to Local Civil Rule 7.1(F), "An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken."

It is well-established that "Title VII 'provides the exclusive judicial remedy for claims of discrimination in federal employment.'"  Gergick v. Austin, 997 F.2d 1237, 1239 (8th Cir. 1993) (quoting Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976)).  When "the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, Title VII preempts the non-Title VII claim." Mathis v. Henderson, 243 F.3d 446 (8th Cir. 2001).  It is clear from the

complaint that each of Wilkie's claims is a direct result of the actions that led to the pursuit of the Title VII claim.  Wilkie has not alleged separate incidents, or described action or inaction, that would support a federal cause of action distinct from the conduct alleged in support of her Title VII claims.  All of the conduct of which Wilkie complains relates to her relationship with her co-workers.

For the reasons set forth above, and in accordance with Local Civil Rule 7.1(F), the Court **ORDERS** that the Plaintiff's Second, Third, Fourth, Fifth, and Sixth causes of action be **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 9th day of March, 2010.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

3